Adar Bays, LLC v. GeneSYS ID, Inc.

# In the
# United States Court of Appeals
## For the Second Circuit

August Term 2019
No. 18-3023

ADAR BAYS, LLC,
*Plaintiff-Appellee,*

*v.*

GENESYS ID, INC. FKA RX SALES, INC.,
*Defendant-Appellant.*

On Appeal from an Order of the United States District Court for the
Southern District of New York.

SUBMITTED: FEBRUARY 26, 2020
QUESTIONS CERTIFIED: JUNE 11, 2020
DECIDED: MARCH 15, 2022

Before:  LIVINGSTON, *Chief Judge,* PARKER, and NARDINI, *Circuit
Judges.*

GeneSYS ID, Inc. appeals from an order of the United States
District Court for the Southern District of New York (Andrew L.

Carter, Jr., *J.*), granting summary judgment in favor of Adar Bays, LLC, the holder of a Convertible Redeemable Note securing a loan to GeneSYS. The loan was in default, and the Defendant raised an affirmative defense of usury. The district court held that the Note's interest rate did not violate the New York State criminal usury law, N.Y. Penal Law § 190.40. On June 11, 2020, we certified two questions to the New York Court of Appeals: (1) whether a stock conversion option that permits a lender, in its sole discretion, to convert any outstanding balance to shares of stock at a fixed discount should be treated as interest for the purpose of determining whether the transaction violates N.Y. Penal Law § 190.40, the criminal usury law; and (2) if the interest charged on a loan is determined to be criminally usurious under N.Y. Penal Law § 190.40, whether the contract is void *ab initio* pursuant to N.Y. Gen. Oblig. Law § 5-511. The New York Court of Appeals answered both questions in the affirmative. Because the New York Court of Appeals stressed that the value of any individual floating-price stock conversion option is a question of fact, we VACATE the district court's order and REMAND for further proceedings consistent with the New York Court of Appeals' opinion.

―――――――――

KEVIN KEHRLI, Garson, Segal, Steinmetz, Fladgate LLP, New York, NY, *for Plaintiff-Appellee*.

JONATHAN URETSKY, Phillipson & Uretsky, LLP, New York, NY, *for Defendant-Appellant*.

―――――――――

WILLIAM J. NARDINI, *Circuit Judge*:

Defendant-Appellant GeneSYS ID, Inc. ("GeneSYS") refused to honor the terms of a loan extended to it by Plaintiff-Appellee Adar Bays, LLC ("Adar Bays"), prompting Adar Bays to bring suit for breach of contract. Adar Bays moved for summary judgment and GeneSYS moved to dismiss the complaint on the grounds that the loan was usurious and therefore void. GeneSYS appealed from the district court's September 20, 2018, order[1] finding that the loan was not usurious under New York law, denying its motion to dismiss, and granting summary judgment in favor of Adar Bays. We certified two questions to the New York Court of Appeals, which has now clarified that (1) the value of a floating-price option entitling a lender to convert some of the loan balance to equity should be included in a

---

[1] The district court did not set out its judgment in a separate document as required by Federal Rule of Civil Procedure 58(a). "Despite the lack of a judgment, this Court has jurisdiction to hear the appeal of the opinion and order, which was a 'final decision' within the meaning of 28 U.S.C. § 1291." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90 n.2 (2d Cir. 2021).

3

calculation of a loan's interest rate when determining if that rate is usurious; and (2) a loan with interest that exceeds New York's 25% criminal usury rate is void and unenforceable. The New York Court of Appeals explained that the selection and application of a method to calculate the value of a floating-price option like the one included in the loan at issue in this appeal is a task for the fact finder. We therefore VACATE the order of the district court and REMAND for further proceedings consistent with this opinion.

Adar Bays lent GeneSYS $35,000 in May of 2016. The loan was documented by a Securities Purchase Agreement ("SPA") and Convertible Redeemable Note (the "Note") that set a one-year term for repayment and provided for an annual interest rate of 8%. The Note also gave Adar Bays the option to convert any or all of the outstanding balance of the loan into shares of GeneSYS common stock at a conversion price set at 65% of the stock's lowest trading price for the twenty prior trading days. Adar Bays was entitled to exercise this

4

option, at its sole discretion, any time after 180 days from the Note's issuance. To that end, the Note provided that GeneSYS was to instruct its transfer agent to hold in reserve stock amounting to three times the number of shares required if the Note were fully converted. The Note also contained significant prepayment penalties.

On May 26, 2016, Adar Bays, at GeneSYS's direction, disbursed $2,000 to Adar Bays's attorneys and the remaining $33,000 to GeneSYS. On November 28, 2016, Adar Bays informed GeneSYS that it was exercising its option to convert $5,000 of the balance of the loan into shares of GeneSYS common stock. GeneSYS refused to honor Adar Bays's notice of conversion. To date, GeneSYS has not delivered any shares or repaid the Note upon maturity.

Adar Bays sued GeneSYS for breach of the SPA and Note. GeneSYS moved to dismiss the complaint on the ground that the Note was usurious under New York law and therefore void, and Adar Bays moved for summary judgment on its breach of contract claim. The

5

district court denied GeneSYS's motion to dismiss and granted Adar

Bays's motion for summary judgment. The district court rejected

GeneSYS's attempt to raise a usury defense and held that the Note's

interest rate was not usurious. In so holding, the district court

considered and rejected GeneSYS's arguments that certain

components of the Note—specifically, the $2,000 attorneys' fees

payment, the 180-day period after which GeneSYS was subject to

Adar Bays's conversion option, the conversion option itself, with its

35% discount from the market price of GeneSYS's common stock, the

share reserve, the 24% yearly interest rate that was to apply in the

event that GeneSYS defaulted, and the liquidated damages

provisions—constituted "hidden interest" that brought the Note's

true interest rate above 25%, the level New York law deems criminally

usurious. *See* N.Y. Penal Law § 190.40. Because the district court

determined that the Note's interest rate was not criminally usurious,

it did not reach GeneSYS's further argument that the Note was void

6

*ab initio*.  The district court did, however, note that "'there [seems to be] no specific statutory authority for voiding a loan that violates the criminal usury statute.'"  *Adar Bays, LLC v. GeneSYS ID, Inc.*, 341 F. Supp. 3d 339, 357 (S.D.N.Y. 2018) (quoting *In re Venture Mortg. Fund, L.P.*, 282 F.3d 185, 190 n.4 (2d Cir. 2002)).  This appeal followed.

On June 11, 2020, we certified two questions to the New York Court of Appeals pursuant to title 22, section 500.27 of the New York Codes, Rules and Regulations and Second Circuit Local Rule 27.2(a):

> (1) Whether a stock conversion option that permits a lender, in its sole discretion, to convert any outstanding balance to shares of stock at a fixed discount should be treated as interest for the purpose of determining whether the transaction violates N.Y. Penal Law § 190.40, the criminal usury law; and

> (2) if the interest charged on a loan is determined to be criminally usurious under N.Y. Penal Law § 190.40, whether the contract is void *ab initio* pursuant to N.Y. Gen. Oblig. Law § 5-511.

*Adar Bays, LLC v. GeneSYS ID, Inc.*, 962 F.3d 86, 94 (2d Cir. 2020).  The Court of Appeals accepted certification, *Adar Bays, LLC v. GeneSYS ID,*

7

*Inc.*, 35 N.Y.3d 996 (2020) (mem.), and answered both questions in the affirmative, *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 324 (2021).

With respect to the first question, the district court had held that the 35% discount at which the Note empowered Adar Bays to convert some or all of the outstanding loan balance to GeneSYS stock should not be included in the interest calculation because "[t]he conversion right was simply too uncertain at the time of contracting." *Adar Bays*, 341 F. Supp. 3d at 356. But the New York Court of Appeals held the opposite, clarifying that "in assessing whether the interest on a given loan has exceeded the statutory usury cap, the value of the floating-price convertible options should be included in the determination of interest." *Adar Bays*, 37 N.Y.3d at 334 (footnote omitted). This is so "even though it is possible that the conversion right may never be exercised" because "floating-price conversion options have intrinsic value that is bargained for in these loans" and

"the usury laws are implicated when a lender stipulates for a contingent benefit that, if exercised or triggered, has the potential to cause interest to accrue in amounts greater than the legal limit." *Id.* at 337 (internal quotation marks omitted).

The Court of Appeals reviewed its own precedents and determined that they stood for the twin propositions that "an agreement to pay an amount which may be more or less than the legal interest, depending upon a reasonable contingency, is not *ipso facto* usurious, because of the possibility that more than the legal interest will be paid," *id.* at 338 (internal quotation marks omitted), and that "the contingent nature of the option's exercise [does not] remove the loan from the scrutiny of the usury law," *id.* According to the Court of Appeals, these precedents "require [courts] to assess the overall value of the conversion option at the time of the bargain." *Id.*

The Court of Appeals did not attempt to place a value on the floating-price option included in the Note in this case, nor did it

9

endorse any particular valuation methodology. *See id.* at 339. Instead, it "le[ft] the determination of appropriate valuation methods for convertible options to fact finders." *Id.* at 338. The Court of Appeals did, however, instruct fact finders to take into account certain principles from its caselaw—specifically that "the valuation of a contingent future payment must be tailored to the risks involved in a particular investment and therefore should exclude contingencies or risks that are part of any loan transaction and, as such, are already taken into account by the usury statutes," and that "if a lender has contractually protected itself in the loan instrument against other risks, those risks also should not be used to discount the value of the conversion option." *Id.* Although the Court of Appeals did not endorse a particular methodology, it hypothesized that, depending on the circumstances, a trial court might find expert evidence, modeling performed by the lender itself, or evidence of past

10

performance of similarly structured loans to be useful in placing a value on an option. *Id.* at 340–41.

The district court concluded that Adar Bays's stock conversion option should not be included in its interest calculation, and so it did not conduct the type of analysis contemplated by the Court of Appeals. Because this type of task "is the bread and butter of trial courts," *id.* at 340, we conclude that the district court should have the opportunity, in the first instance, to apply the Court of Appeals' guidance to the facts of this case. We therefore vacate the district court's order and remand for application of the principles embodied in the Court of Appeals' opinion.

We further instruct that, should the district court determine on remand that the Note was usurious, it should find the Note void and unenforceable. *Id.* at 326. The district court did not reach the question of the appropriate remedy because it determined that the Note was not usurious. But the district court stated that the Note "would not

11

necessarily be void" even if its interest rate exceeded the 25% criminal usury cap because "'there [seems to be] no specific statutory authority for voiding a loan that violates the criminal usury statute.'" *Adar Bays*, 341 F. Supp. 3d at 357 (quoting *In re Venture Mortg. Fund, L.P.*, 282 F.3d 185, 190 n.4 (2d Cir. 2002)). As we outlined in our certification order, New York's civil usury statute prohibits loans at rates exceeding 16% per year, N.Y. Gen. Oblig. Law § 5-501, while its criminal usury statute prohibits loans at rates exceeding 25%, N.Y. Penal Law § 190.40. A section of New York's *civil* usury law provides that "all contracts 'whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods[] or other things in action, than is prescribed in section 5-501, shall be void.'" *Adar Bays*, 962 F.3d at 89 (quoting N.Y. Gen. Oblig. Law § 5-511(1)). But "[t]here is no parallel provision in the criminal usury law for voiding a loan found to be criminally usurious." *Id.*

In response to our second certified question, however, the Court of Appeals clarified that "loans proven to violate the criminal usury statute are subject to the same consequence as any other usurious loans: complete invalidity of the loan instrument." *Adar Bays*, 37 N.Y.3d at 333. We express no opinion at this time as to whether the Note's rate exceeds the criminal usury cap. However, should the district court determine that it does, we instruct the district court to follow the Court of Appeals' clear directive to find the Note void *ab initio*. Of course, GeneSYS bears the burden to prove its usury defense by clear and convincing evidence.

Accordingly, we VACATE the September 20, 2018, order of the district court denying GeneSYS's motion to dismiss and granting summary judgment in favor of Adar Bays and REMAND for further proceedings consistent with this opinion.